| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Shawn Donell Hicks | DEFENDANTS<br>Design Works Nashville |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>D. Jonathan Augusta<br>731 Porter Rd., Nashville, TN 37206 | **ATTORNEYS** (If Known)<br>N/A |
| **PARTY** (Check One Box Only)<br>■ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   ■ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR TURNOVER and a proceeding to obtain an injunction or other equitable relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☑ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $14,415.25 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Shawn Donell Hicks | BANKRUPTCY CASE NO.<br>19-bk-03035 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Nashville-Davidson Co. | NAME OF JUDGE<br>R. Mashburn |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jonathan Augusta | | |
| DATE<br>November 24, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>D. Jonathan Augusta | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN RE:                                    }
 Shawn Hicks                              }        **Case No**. 3:19-bk-03035
 5135 Nolensville Pk Apt. WI              }
 Nashville, TN 37211                      }        **Chapter**: 13
                                          }
                                          }        Judge Randal Mashburn
                                            }
Debtor.                                   }
                                            }
Shawn Donell Hicks                        }        Adversary No:
            Plaintiff,                    }
v.                                        }
Design Works,                             }
                                          }
                                            }
            Defendant                     }

## COMPLAINT FOR TURNOVER AND REQUEST FOR SANCTIONS FOR CONTEMPT OF COURT ORDERS

COME NOW the Debtors/Plaintiff (hereinafter the "Debtors"), by and through counsel, pursuant to Fed.R.Bankr.P. § 7001(1) and for cause of action against Defendant, Design Works (hereinafter the "Defendant"), would state and show the following:

### JURISDICTION AND VENUE

1. Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue over this cause is conferred by 28 U.S.C. §§ 1408 and 1409.

3. This cause is a core proceeding and is a Complaint for Turnover governed by Fed.R.Bankr.P. § 7001(1) and (7).

4. Upon information and belief, Design Works, is a corporation incorporated under the laws of the State of Deleware and is legally allowed to operate business in the state of Tennessee.

### FACTS AND CAUSE OF ACTION

5. The Debtor(s) filed a bankruptcy on 5/11/2019 and a plan was confirmed on 6/27/19 paying a 0% dividend to general unsecured creditors.

6. The case was assigned cased number 3:19-bk-03035.

7. On 5/13/2019, an Order to Pay Trustee was sent to the Debtor's employer, Design Works, directing them to deduct $ 154.25 weekly from the pay of the Debtor. (Attached hereto as "Exhibit A.")

8. A provision of the Debtor's confirmed plan placed the Debtor on probation such that their case would be dismissed automatically, without further hearing, upon the notice of non-compliance filed by the trustee. This was a result of having had a previous case dismissed within one year of filing the instant case.

9. After receiving the payroll deduction order, Design Works, began withholding payments from the Debtor's paycheck. The Debtor believed that all of their required payments were being made without fail.

10. On 11/12/2019, the Trustee filed a Motion to Dismiss for failure of the Debtor to fund the plan and a order dismissing the Debtor's case was entered on 11/13/2019. (Attached hereto as "Exhibit B")

11. The Debtor has proof that all of his bankruptcy payments have been withheld from his paycheck as required by the payroll deduction order. (Attached hereto as "Exhibit C".)

12. The Defendant has also without notice nor permission has been deducting $60 dollars a week from the Debtor's paychecks since July 10, 2019 as a "repayment" for the funds that the employer said he delivered to the Chapter 13 trustee. The Defendant has not provided an explanation why he deducted these funds. The Debtor does not owe nor have they ever owed funds to the Defendant.

13. Upon review of the Trustee's records, the Trustee did not receive any payments in the months of July, September, October, and November despite these payments having been withheld from the Debtor's paycheck. (Attached hereto as "Exhibit D.")

14. The Defendant has failed to remit these payments in violation of the Order to Pay trustee.

15. As a direct result of the Defendant's actions, the Debtor's case has been dismissed and the Debtor has been put at risk of serious repercussions, such as the potential repossession of collateral, lawsuits to collect debts, garnishments of wages, and so forth.

## CONTEMPT FOR FAILURE TO ABIDE BY ORDERS OF THIS COURT

16. The Defendant deducted payments in the amount of $ 154.25 every paycheck but failed to comply with the Order when they failed to remit the deducted funds. The total amount due to the Trustee which has been deducted but not remitted is $ 3,335.25.

17. The Defendant has also been illegally deducting payments in the amount of $60.00 every paycheck since July 10, 2019. The Defendant has not provided an explanation why this deduction was needed. The total amount taken from the Debtor's paycheck is $1,080.00.

18. The Defendant's conduct is willful as the Defendant is aware of the Bankruptcy Court order and the failure to abide by this Court's Orders should result in a finding of contempt.

## TURNOVER OF FUNDS/VIOLATION OF THE AUTOMATIC STAY

19. The wages which were deducted are property of the estate.

20. The deductions were necessary in order for the Debtor's Chapter 13 plan to be successful and to afford the Debtor their right to reorganize their estate.

21. The failure to turnover these funds is a violation of 11 USC 362(3), which prevents any entity from exercising control over property of the estate.

22. As a result, the Defendant is in violation of 11 USC 362 (k)(1).

23. As a result of the Defendant's actions, no payment has been made to the Debtor's plan since 8/23/2019 which caused the Debtor's case to be dismissed.

## PRAYER FOR RELIEF

Wherefore, the Debtor prays as follows:

24. The Debtor prays for an order granting turnover of $ 3, 335.25 to the Chapter 13 trustee, for payment on the Debtor's Chapter 13 plan for payments withheld through the filing of this complaint.

25. The Debtor prays for an order granting turnover of $ 1,080.00 to the Debtor, for payment to the Debtor for the illegal deduction of funds from the Debtor's paycheck.

26. The Debtor prays for a finding of contempt against the Defendant.

27. The Debtor prays for an order awarding punitive damages in the amount $10,000.00.

28. The Debtor prays for compensatory damages.

29. The Debtor requests that the court refer this matter to the US Trustee to investigate the Defendant's actions for potential embezzlement against the estate pursuant to 18 USC 153.

30. Debtors' counsel prays for attorney fees for time expended in the prosecution of this complaint.

31. The Debtors further pray for other general relief as deemed just by the Court.

Respectfully submitted,

*/s/ Jonathan Augusta*
Jonathan Augusta, BPR #25880
Attorney for Debtor
Eastside Legal, PLLC.
731 Porter Rd.
Nashville, TN 37206
(615) 600-4577
Email: mailto:derricaugusta@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on 11/24/2019, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

Henry E. Hildebrand, III                                        hand delivery
Chapter 13 Trustee, P.O. Box 190664
Nashville, TN 37219-0664

U.S. Trustee                                                    hand delivery
318 Customs House, 701 Broadway
Nashville, TN 37203

DESIGN WORKS NASHVILLE LLC
Registered Agent:
GREG KATZ
7515 HICKORY HILLS CT
WHITES CREEK, TN 37189-9243 USA

Shawn Hicks
5135 Nolensville Pk Apt. W1
Nashville, TN  37211                                            Certified Mail

I have sent out 4 notices.

/s/ Jonathan Augusta
Jonathan Augusta

# EXHIBIT

# A

Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 5/13/2019

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

JDH

IN RE:

SHAWN DONELL HICKS
5135 NOLENSVILLE PK
APT W1
NASHVILLE, TN 37211-6046
SSN XXX-XX-4855

CASE NO. 19-03035-RM3-13
05/13/2019

---

### ORDER TO PAY TRUSTEE

---

The debtor named above has filed a petition for relief under Chapter 13 of the Bankruptcy Code and has submitted all future income to the jurisdiction of the United States Bankruptcy Court.

IT IS ORDERED that until further order of this court, the entity from whom the debtor receives income:

**DESIGN WORKS**
**ATTN PAYROLL**
**7515 HICKORY HILLS CT**
**WHITES CREEK, TN 37189**

shall deduct **$135.00 WEEKLY** beginning on the next pay period following receipt of this order and deduct same amount each pay period thereafter including any period for which the debtor receives a lump sum payment as a result of vacation, termination, longevity, merit bonuses or other benefits arising from present or past employment and remit the deductible amount to the Trustee at least monthly.

| MAKE CHECKS PAYABLE AND MAIL PAYMENTS TO:<br><br>CHAPTER 13 TRUSTEE<br>P O BOX 340019<br>NASHVILLE, TN 37203 | PLEASE INCLUDE ON ALL PAYMENTS:<br><br>NAME: SHAWN DONELL HICKS<br>CASE NUMBER: 319-03035 | FOR INQUIRIES:<br><br>PHONE: 615-244-1101<br>         800-231-5928<br>FAX:   615-242-3241 |
| --- | --- | --- |

IT IS FURTHER ORDERED that the entity from whom the debtor receives income shall notify the Trustee in writing, if the debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all income of the debtor, including monthly commission checks, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues, be paid in accordance with usual payment procedures.

IT IS FURTHER ORDERED that no deductions on account of any garnishment, wage assignment, child support, alimony payment, credit union, or other purpose not specifically authorized by this Court shall be made from the income of the debtor.

IT IS FURTHER ORDERED that this order supersedes all previous orders received by the above-referenced entity in this case. Failure to comply with the provisions of this order may result in a motion for contempt.

cc: SHAWN DONELL HICKS
    JONATHAN AUGUSTA
    DESIGN WORKS

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

Signed: The Judge's signature and appear at the top of the first page.
United States Bankruptcy Court.

# EXHIBIT

# B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                      Case No.19-03035-RM3-13

SHAWN DONELL HICKS                          11/12/2019

---

### NOTICE AND MOTION TO DISMISS FOR NONCOMPLIANCE

---

Henry E. Hildebrand, III, Standing Trustee for Chapter 13 matters in the Middle District of Tennessee, hereby moves the Court to dismiss the above-styled case for the debtor's failure to comply with a previous Court order, entered on June 27, 2019. This Court's previous order allowed this case to continue on the condition the debtor comply with all provisions for payments into the plan. The order further provided that the above-styled case may be dismissed without further hearing in the event of a plan payment default by the debtor for the remainder of the Chapter 13 case.

The Trustee hereby gives notice that the Debtor has defaulted in plan payments. The debtor's plan payments are as follows:

$154.25 WEEKLY from DESIGN WORKS

The last plan payment was received on August 23, 2019. The debtor's failure to comply with the Court's previous order is demonstrated on the pay schedule below:

| Date | Payment Received |
|------|------------------|
| 06/07/2019 | 135.00 |
| 06/18/2019 | 135.00 |
| 06/27/2019 | 135.00 |
| 06/27/2019 | 135.00 |
| 07/01/2019 | 135.00 |
| 07/02/2019 | (135.00) |
| 08/23/2019 | 713.50 |

WHEREFORE, THE PREMISES CONSIDERED, the Trustee moves the Court to immediately dismiss the above-styled case for the debtor's failure to comply with a previous Court order, and the debtor having defaulted in plan payments.

Respectfully Submitted,

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND, III
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN  37203
PHONE:  615-244-1101
FAX:  615-242-3241
pleadings@ch13nsh.com

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing has been served by US Postal Service , postage prepaid to:
 SHAWN DONELL HICKS, 5135 Nolensville Pk, Apt W1, Nashville, TN  37211-6046;

Email by Electronic Case Noticing to:
Natalie Cox, Assistant US Trustee
JONATHAN AUGUSTA, Debtor's counsel

on this 12th day of November, 2019.

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND, III
Chapter 13 Trustee

# EXHIBIT

# C

615-473-4142
Please call

## Design Works Nashville
### Payroll Register
### For the Period From Jun 1, 2019 to Sep 30, 2019

Filter Criteria includes: 1) Employee IDs: HicksS01. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID Employee Masked SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross DWNmed Trustee Fed_Unemp_ | Fed_Income ChildSup Repayment St_Unemp_C | Soc_Sec ADV Soc_Sec_C | MEDICARE Van Medicare_C |
|---|---|---|---|---|---|---|---|---|
| Beginning Balance for Shawn D. Hicks | Regular Overtime | 294.00 3.50 | 3,528.00 63.00 | 3,062.91 | 3,591.00 | −253.40 | −222.64 | −52.05 |
| | | | | | −21.56 | −25.14 | −222.64 | −52.05 |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3239 6/5/19 | Regular | 39.50 | 474.00 | 538.05 | 474.00 135.00 −2.84 | −34.69 −3.32 | −29.39 −29.39 | −6.87 −6.87 |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3254 6/12/19 | Regular | 21.00 | 252.00 | 357.91 | 252.00 135.00 −1.51 | −9.82 −1.76 | −15.62 −15.62 | −3.65 −3.65 |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3260 6/19/19 | Regular | 45.00 | 540.00 | 591.08 | 540.00 135.00 −3.24 | −42.61 −3.78 | −33.48 −33.48 | −7.83 −7.83 |
| HicksS01 Shawn D. Hicks XXX-XX-4855 1893 6/26/19 | Regular Overtime | 40.00 0.75 | 480.00 13.50 | 553.71 | 493.50 135.00 −2.96 | −37.03 −3.45 | −30.60 −30.60 | −7.16 −7.16 |
| Total 6/1/19 thru 6/30/1 | Regular Overtime | 145.50 0.75 | 1,746.00 13.50 | 2,040.75 | 1,759.50 540.00 −10.55 | −124.15 −12.31 | −109.09 −109.09 | −25.51 −25.51 |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3283 | Regular | 38.50 | 462.00 | 528.41 | 462.00 135.00 | −33.25 | −28.64 −28.64 | −6.70 −6.70 |

## Design Works Nashville
### Payroll Register
### For the Period From Jun 1, 2019 to Sep 30, 2019

Filter Criteria includes: 1) Employee IDs: HicksS01. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID Employee Masked SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross DWNmed Trustee Fed_Unemp_ | Fed_Income ChildSup Repayment St_Unemp_C | Soc_Sec ADV Soc_Sec_C | MEDICARE Van Medicare_C |
|---|---|---|---|---|---|---|---|---|
| 7/3/19 | | | | | | | | |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3293 | Regular | 35.00 | 490.00 | 550.90 | 490.00 135.00 -2.94 | -36.61 -3.43 | -30.38 -30.38 | -7.11 -7.11 |
| 7/10/19 | | | | | | | | |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3304 | Regular Holiday | 23.15 8.00 | 324.10 112.00 | 177.60 | 436.10 -135.00 -2.62 | -30.14 -60.00 -3.05 | -27.04 -27.04 | -6.32 -6.32 |
| 7/18/19 | | | | | | | | |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3320 | Regular Overtime | 40.00 3.50 | 560.00 73.50 | 316.95 | 633.50 -154.25 -1.57 | -53.83 -60.00 -1.83 | -39.28 -39.28 | -9.19 -9.19 |
| 7/24/19 | | | | | | | | |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3334 | Regular | 37.00 | 518.00 | 224.15 | 518.00 -154.25 | -39.97 -60.00 | -32.12 -32.12 | -7.51 -7.51 |
| 7/31/19 | | | | | | | | |
| HicksS01 Shawn D. Hicks XXX-XX-4855 3351 | Regular Overtime | 40.00 3.25 | 560.00 68.25 | 312.74 | 628.25 -154.25 | -53.20 -60.00 | -38.95 -38.95 | -9.11 -9.11 |
| 8/7/19 | | | | | | | | |
| Total 7/1/19 thru 9/30/1 | Holiday Regular Overtime | 8.00 213.65 6.75 | 112.00 2,914.10 141.75 | 2,110.75 | 3,167.85 -327.75 -9.90 | -247.00 -240.00 -11.54 | -196.41 -196.41 | -45.94 -45.94 |
| Report Date Total for Shawn D. Hicks | Holiday Regul | 8.00 | 112.00 | 4,151.50 | 4,927.35 | -371.15 | -305.50 | -71.45 |

Case 3:19-bk-03035   Doc 43   Filed 11/24/19   Entered 11/24/19 15:22:18   Desc Main
Document      Page 15 of 25

## Design Works Nashville
## Payroll Register
### For the Period From Jun 1, 2019 to Sep 30, 2019

Filter Criteria includes: 1) Employee IDs: HicksS01. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID Employee Masked SS No Reference Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross DWNmed Trustee Fed_Unemp_ | Fed_Income ChildSup Repayment St_Unemp_C | Soc_Sec ADV Soc_Sec_C | MEDICARE Van Medicare_C |
|---|---|---|---|---|---|---|---|---|
| | Overtime | 7.50 | 155.25 | | 212.25 -20.45 | -240.00 -23.85 | -305.50 | -71.45 |
| YTD Total for Shawn D. Hicks | Holiday Regular Overtime | 8.00 653.15 11.00 | 112.00 8,188.10 218.25 | 7,214.41 | 8,518.35 212.25 -42.01 | -624.55 -240.00 -48.99 | -528.14 -528.14 | -123.50 -123.50 |
| Summary Total 6/1/19 thru 6/30/19 | Regular Overtime | 145.50 0.75 | 1,746.00 13.50 | 2,040.75 | 1,759.50 540.00 -10.55 | -124.15 -12.31 | -109.09 -109.09 | -25.51 -25.51 |
| Summary Total 7/1/19 thru 9/30/19 | Holiday Regular Overtime | 8.00 213.65 6.75 | 112.00 2,914.10 141.75 | 2,110.75 | 3,167.85 -327.75 -9.90 | -247.00 -240.00 -11.54 | -196.41 -196.41 | -45.94 -45.94 |
| Report Date Final Total 6/1/19 thru 9/30/19 | Holiday Regular Overtime | 8.00 359.15 7.50 | 112.00 4,660.10 155.25 | 4,151.50 | 4,927.35 212.25 -20.45 | -371.15 -240.00 -23.85 | -305.50 -305.50 | -71.45 -71.45 |
| Final YTD Total | Holiday Regular Overtime | 8.00 653.15 11.00 | 112.00 8,188.10 218.25 | 7,214.41 | 8,518.35 212.25 -42.01 | -624.55 -240.00 -48.99 | -528.14 -528.14 | -123.50 -123.50 |

Shawn D. Hicks

| | This Check | Year to Date | | Employee IC | HicksS01 | |
|---|---|---|---|---|---|---|
| | | | | Social Sec: | xxx-xx-4855 | |
| Gross | 490.00 | 12,485.67 | | Hours | Rate | Total |
| Fed Income | -36.61 | -945.30 | Regular | 35.00 | 14.00 | 490.00 |
| Soc Sec | -30.38 | -774.12 | Overtime | | 21.00 | |
| MEDICARE | -7.11 | -181.03 | Holiday | | 14.00 | |
| Repayment | -60.00 | -660.00 | | | | |
| Trustee | -154.25 | -867.50 | | | | |

| Net Check: | $201.65 | | 35.00 | | | 490.00 |
|---|---|---|---|---|---|---|
| | Pay Period Beginnin( Aug 19, 2019 | | | Check Date | 9/4/19 | |
| | Pay Period Endin( Aug 25, 2019 | | | Weeks in Pay Perio | 1 | |

Shawn D. Hicks

| | This Check | Year to Date | | Employee ID | HicksS01 | |
|---|---|---|---|---|---|---|
| | | | | Social Sec: | xxx-xx-4855 | |
| Gross | 553.00 | 12,485.67 | | Hours | Rate | Total |
| Fed Income | -44.17 | -945.30 | Regular | 39.50 | 14.00 | 553.00 |
| Soc Sec | -34.29 | -774.12 | Overtime | | 21.00 | |
| MEDICARE | -8.02 | -181.03 | Holiday | | 14.00 | |
| Repayment | -60.00 | -660.00 | | | | |
| Trustee | -154.25 | -867.50 | | | | |

| Net Check: | $252.27 | | | 39.50 | | 553.00 |
| | Pay Period Beginning Aug 26, 2019 | | | | Check Date | 9/11/19 |
| | Pay Period Ending Sep 1, 2019 | | | | Weeks in Pay Period | 1 |

Shawn D. Hicks

Employee ID  HicksS01
Social Sec :  xxx-xx-4855

|  | This Check | Year to Date |  | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Gross | 434.00 | 12,485.67 |  |  |  |  |
| Fed Income | -29.89 | -945.30 | Regular | 23.00 | 14.00 | 322.00 |
| Soc Sec | -26.91 | -774.12 | Overtime |  | 21.00 |  |
| MEDICARE | -6.29 | -181.03 | Holiday | 8.00 | 14.00 | 112.00 |
| Repayment | -60.00 | -660.00 |  |  |  |  |
| Trustee | -154.25 | -867.50 |  |  |  |  |

| Net Check: | $156.66 |  | 31.00 |  | 434.00 |
|---|---|---|---|---|---|

Pay Period Beginning Sep 2, 2019
Pay Period Ending Sep 8, 2019

Check Date  9/18/19
Weeks in Pay Period  1

Document     Page 19 of 25

Check Number 5409

Shawn D. Hicks

Employee ID   HicksS01
Social Sec    xxx-xx-4855

| | This Check | Year to Date | | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Gross | 497.00 | 12,485.67 | | 35.50 | | 497.00 |
| Fed Income | -37.45 | -945.30 | Regular | | 14.00 | |
| Soc Sec | -30.81 | -774.12 | Overtime | | 21.00 | |
| MEDICARE | -7.21 | -181.03 | Holiday | | 14.00 | |
| Repayment | -60.00 | -660.00 | | | | |
| Trustee | -154.25 | -867.50 | | | | |

| Net Check: | $207.28 | | | 35.50 | | 497.00 |

Pay Period Beginning  Sep 19, 2019
Pay Period Ending  Sep 25, 2019

Check Date  9/25/19
Weeks In Pay Period  1

Shawn D. Hicks

|  | This Check | Year to Date | | Employee ID | HicksS01 |
|---|---|---|---|---|---|
|  |  |  | | Social Sec: | xxx-xx-4855 |

| | This Check | Year to Date | | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Gross | 397.88 | 13,469.80 | | 28.42 | | 397.88 |
| Fed Income | -25.55 | -1,019.01 | Regular | | 14.00 | |
| Soc Sec | -24.67 | -835.14 | Overtime | | 21.00 | |
| MEDICARE | -5.77 | -195.30 | Holiday | | 14.00 | |
| Repayment | -60.00 | -780.00 | | | | |
| Trustee | -154.25 | -1,176.00 | | | | |

| Net Check: | $127.64 | | | 28.42 | | 397.88 |
|---|---|---|---|---|---|---|

Pay Period Beginning Sep 16, 2019

Pay Period Ending Sep 22, 2019

Check Date 10/2/19

Weeks in Pay Period 1

Shawn D. Hicks

| | This Check | Year to Date | | Employee ID | HicksS01 | |
|---|---|---|---|---|---|---|
| | | | | Social Sec: | xxx-xx-4855 | |
| Gross | 586.25 | 13,469.80 | | Hours | Rate | Total |
| Fed Income | -48.16 | -1,019.01 | Regular | 40.00 | 14.00 | 560.00 |
| Soc Sec | -36.35 | -835.14 | Overtime | 1.25 | 21.00 | 26.25 |
| MEDICARE | -8.50 | -195.30 | Holiday | | 14.00 | |
| Repayment | -60.00 | -780.00 | | | | |
| Trustee | -154.25 | -1,176.00 | | | | |

Net Check: $278.99

Pay Period Beginning Oct 3, 2019
Pay Period Ending Oct 9, 2019

41.25 586.25

Check Date    10/9/19

Weeks in Pay Period    1

# EXHIBIT

# D

## PRINT INQUIRY
Close Window                                          Click Here to Print this Page

| 19-03035-RM3-13 | SHAWN DONELL HICKS (xxx-xx-4855) | | | $154.25 WK | Bar Date(s): | 7/22/2019 (has passed)  11/7/2019 (has passed) |
| | | | | | Confirmed: | 6/27/2019 |
| | Trustee: Henry E. Hildebrand, III | Attorney: JONATHAN AUGUSTA | | | Case Status: | ACTIVE (11/13/2019) |

## Financials

| Date | Payee | Payee Name | Source / Check | Description | Receipts | Disbursements |
|------|-------|------------|----------------|-------------|----------|---------------|
| 8/31/2019 | 0 | JONATHAN AUGUSTA | 9004076 | ATTORNEY'S FEE - MONTHLY DISBURSEMENTS | | $115.84 |
| 8/31/2019 | 2 | INSOLVE AUTO FUNDING | 3899134 | INTEREST - MONTHLY DISBURSEMENTS | | $371.94 |
| 8/31/2019 | 15 | PRIORITY INSURANCE AGENCY INC | 9004052 | AMOUNTS DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $200.76 |
| 8/23/2019 | | | 697567 | CASHIERS CHECK/PAYMENT TO DEBTOR ACCT | $713.50 | |
| 8/23/2019 | | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | TRUSTEE FEE - PLAN RECEIPT | | $24.97 |
| 7/31/2019 | 0 | JONATHAN AUGUSTA | 9004030 | ATTORNEY'S FEE - MONTHLY DISBURSEMENTS | | $23.21 |
| 7/31/2019 | 2 | INSOLVE AUTO FUNDING | 3892273 | INTEREST - MONTHLY DISBURSEMENTS | | $72.82 |
| 7/31/2019 | 15 | PRIORITY INSURANCE AGENCY INC | 9004003 | AMOUNTS DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $48.30 |
| 7/2/2019 | | | DESIGN1339 | INSUFFICIENT FUNDS | ($135.00) | |
| 7/2/2019 | | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | TRUSTEE FEE - PLAN RECEIPT REVERSAL | | ($4.72) |
| 7/1/2019 | | | DESIGN 1899 | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $135.00 | |
| 7/1/2019 | | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | TRUSTEE FEE - PLAN RECEIPT | | $4.72 |
| 6/30/2019 | 0 | US BANKRUPTCY COURT | 3888444 | FILING FEE - MONTHLY DISBURSEMENTS | | $235.00 |
| 6/30/2019 | 0 | US BANKRUPTCY COURT | 3888443 | NOTICE FEES - MONTHLY DISBURSEMENTS | | $75.00 |
| 6/30/2019 | 2 | INSOLVE AUTO FUNDING | 3885509 | INTEREST - MONTHLY DISBURSEMENTS | | $30.50 |
| 6/30/2019 | 15 | PRIORITY INSURANCE AGENCY INC | 9003951 | AMOUNTS DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $31.29 |
| 6/27/2019 | | | DESIGN1887 | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $135.00 | |
| 6/27/2019 | | | DESIGN1888 | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $135.00 | |
| 6/27/2019 | | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | TRUSTEE FEE - PLAN RECEIPT | | $4.72 |
| 6/27/2019 | | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | TRUSTEE FEE - PLAN RECEIPT | | $4.72 |
| | | | | DEBTOR PAYMENTS REMITTED | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/18/2019 | | | DESIGN1339 | BY EMPLOYER DEDUCTION | $135.00 | |
| 6/18/2019 | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | | TRUSTEE FEE - PLAN RECEIPT | | $4.72 |
| 6/7/2019 | | | DESIGN1322 | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $135.00 | |
| 6/7/2019 | CHAPTER 13 TRUSTEE'S SALARY & EXPENSE FUND | | | TRUSTEE FEE - PLAN RECEIPT | | $4.72 |
| | | | | Totals: | $1,253.50 | $1,248.51 |